IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE EUCEDA, on behalf of himself and similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>MILLWOOD, INC.,<br>Defendant. | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON MAY 14, 2012<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS ACTION

Plaintiff Jose Euceda ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class action lawsuit against Defendant Millwood, Inc. ("Defendant"), seeking all available relief under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*, and the common law doctrine of unjust enrichment. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. This Court's jurisdiction is proper under 28 U.S.C. § 1332.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3.  Plaintiff is an individual residing in Scranton, Pennsylvania (Lackawanna County).

4.  Plaintiff is an employee covered by the PWPCL.

5.  Defendant is a corporation headquartered and maintaining a principal place of business in Vienna, Ohio.

6.  Defendant is an employer covered by the PWPCL.

## FACTS

7.  Defendant is in the business of manufacturing and providing new and recycled wood pallets to customers throughout the United States.

8.  Defendant's Pennsylvania operations include plants located in Leetsdale (Allegheny County), Mechanicsburg (Cumberland County), and Tunkhannock (Wyoming County).  These plants are referred to as the "Pennsylvania Plants."

9.  At the Pennsylvania Plants, Defendant receives thousands of used pallets that have been circulating in the marketplace.  Before returning (or "recycling") these pallets to the marketplace, Defendant ensures that the pallets are in good repair and satisfy various quality standards.  This often requires Defendant's Plant employees to repair defective or damaged pallets.  Such employees generally hold the job title of "Pallet Repairer."

10. Plaintiff was employed as a Pallet Repairer at Defendant's Tunkhannock (a.k.a. Meshoppen) Plant from approximately 2007 until approximately March 2009 and again from approximately October 2010 until approximately January 2012.

11. Plaintiff and other Pallet Repairers generally are paid on a piece-rate basis. In particular, Plaintiff and other Pallet Repairers are paid approximately 39 cents for each pallet they repair.

12. After the pallets are repaired by Plaintiff and other Pallet Repairers, the pallets are inspected by Defendant's managers to ensure that they have been repaired in compliance with certain quality standards.

13. If Defendant's managers determine that a particular pallet has not been properly repaired, Defendant subjects the responsible Pallet Repairer to a pay deduction of approximately $3.90. Plaintiff, like other Pallet Repairers, has been subjected to many such pay deductions, the exact number of which will be determined through discovery.

14. Defendant has failed to obtain approval from the Pennsylvania Department of Labor and Industry for the above-described pay deductions.

### CLASS ALLEGATIONS

15. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class all individuals who, during

any time since May 14, 2008, were employed in Defendant's Pennsylvania Plants in the position of Pallet Repairer (or any equivalent position) and were subjected to pay deductions for inadequately repaired pallets.

16.   Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged herein, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

17.   Upon information and belief, the class includes over 50 individuals, all of whom are readily ascertainable based on Defendants' standard timekeeping and payroll records and are so numerous that joinder of all class members is impracticable.

18.   Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

19.   Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

20.   Questions of law and fact are common to all class members, since this action concerns the legality of Defendants' objectively ascertainable policy and practice of making deductions from the pay of Plaintiff and other class members. The existence of this policy and practice will be demonstrated by applying

4

generally applicable legal principles to common evidence such as standardized payroll data and protocols.

21.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**(Alleging Violations of the PWPCL)**

22.     All previous paragraphs are incorporated as though fully set forth herein.

23.     Plaintiff and the class members are employees entitled to the PWPCL's protections.

24.     Defendant is an employer covered by the PWPCL.

25.     The PWPCL generally prohibits pay deductions except for those explicitly permitted by law or regulation, none of which apply to this lawsuit.  *See* 43 P.S. § 260.3; 34 Pa. Code § 9.1; *see generally Ressler v. Jones Motor Co., Inc.*, 487 A.2d 424 (Pa. Super. 1985).

26.     Defendant violated the PWPCL by subjecting Plaintiff and the class members to unauthorized pay deductions.

## COUNT II
## (Alleging Unjust Enrichment)

27. All previous paragraphs are incorporated as though fully set forth herein.

28. Defendant has received a monetary benefit from Plaintiff and the class members by subjecting them to pay deductions not authorized by law and not otherwise justified.

29. By making these illegal and unjustified pay deductions, Defendant realized significant revenues and profits to its own benefit and to the detriment of Plaintiff and the class members.

30. Defendant's acceptance and retention of such revenues and profits is inequitable and contrary to fundamental principles of justice, equity, and good conscience.

31. Under the doctrine of unjust enrichment, Defendant should not be permitted to retain the proceeds of its improper and illegal pay deductions.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other class members, seeks the following relief:

  A. An injunction prohibiting Defendant from engaging in future illegal conduct;

  B. Monetary payment sufficient to reimburse Plaintiff and the class members for all illegal pay deductions;

  C. Liquidated damages, interest, punitive damages, and monetary penalties to the fullest extent permitted under the law;

  D. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

  E. Such other and further relief as this Court deems just and proper.

Date:  May 14, 2012

            **/s/ Peter Winebrake**
            Peter Winebrake
            R. Andrew Santillo
            Mark J. Gottesfeld
            The Winebrake Law Firm, LLC
            715 Twining Road, Suite 211
            Dresher, PA 19025
            (215) 884-2491

            Stephanie Dorenbosch, Esq.
            Friends of Farmworkers, Inc.
            42 South 15th Street, Suite 605
            Philadelphia, PA  19102
            (215) 733-0878