**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSE EUCEDA, on behalf of himself and similarly situated employees, | CIVIL ACTION NO. 3:12-0895 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| MILLWOOD, INC., | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is a Class Action Complaint filed by Plaintiff Jose Euceda on behalf of himself and similarly situated employees. (Doc. 1.). Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

**I. Background**

Plaintiffs bring this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id*. ¶ 1.) Plaintiff Euceda is alleged to be an "individual residing in Scranton, Pennsylvania." (*Id*. ¶ 3.) Defendant Millwood, Inc. is averred to be "a corporation headquartered and maintaining a principal place of business in Vienna, Ohio." (*Id*. ¶ 5.)

**II. Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiffs allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is

properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  Furthermore, "in a federal class action only the citizenship of the named class representatives must be diverse from that of the defendants." *In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1317 (3d Cir. 1990); *see also Steel City Grp. v. Global Online Direct, Inc.*, No. 06-1501, 2006 WL 3484318, at *1 (W.D. Pa. Nov. 30, 2006) ("in determining diversity in a class action, the Court considers only the citizenship of the named parties").

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

## A.     **Citizenship of Named Plaintiff**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir.1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiff "resides" in Scranton, Pennsylvania, this is not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir.1972)

("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). The Court therefore finds that the Complaint has not properly alleged Plaintiff Euceda's citizenship for the purposes of diversity jurisdiction.

**B.     Citizenship of Corporate Defendant**

The Complaint also fails to properly allege the citizenship of the Defendant. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, the Complaint only alleges that Millwood, Inc. has a corporate headquarters and a principal place of business in Vienna, Ohio. (Doc. 1, ¶ 5.) This is an incomplete statement of jurisdiction, however, as Plaintiff fails to identify the state where Millwood is incorporated. Without any allegations as to Millwood's state of incorporation, the Court cannot determine whether diversity jurisdiction exists in this case.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of Plaintiff and Defendant. As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to

demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving its Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiff will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action.

An appropriate order follows.


 May 24, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge