**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSE EUCEDA, on behalf of himself and similarly situated employees, | CIVIL ACTION NO. 3:CV-12-0895 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| MILLWOOD, INC., | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant Millwood, Inc.'s ("Millwood") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10), and Plaintiff Jose Euceda's ("Mr. Euceda") Motion for Leave to File a Second Amended Complaint or, Alternatively, for an Extension of His Time to Respond to Defendant's Pending Motion to Dismiss. (Doc. 12.) In his Amended Complaint, Mr. Euceda asserts claims for unjust enrichment and violation of the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. Ann. §§ 260.1, *et seq*. Millwood seeks dismissal of the PWPCL claim on the basis that Mr. Euceda fails to plead the existence of a contract governing the payment of wages between the parties. In response, Mr. Euceda has requested leave to file a curative amendment to his complaint. Because justice requires that Mr. Euceda be given the opportunity to file a Second Amended Complaint, his motion to amend will be granted and Millwood's motion to dismiss will be denied as moot.

**I. Background**

The facts as alleged in the Amended Complaint are as follows:

Millwood is in the business of manufacturing and providing new and recycled wood pallets to customers throughout the United States. (*Am. Compl.*, ¶ 7.) Millwood's operations include three plants in Pennsylvania (the "Pennsylvania Plants") in Leetsdale, Mechanicsburg, and Tunkhannock. (*Id*. at ¶ 8.) At the Pennsylvania Plants, Millwood

receives thousands of used pallets that often need to be repaired. (*Id*. at ¶ 9.) This work is generally performed by "pallet repairers." (*Id*.)

Mr. Euceda was employed as a pallet repairer at Millwood's Tunkhannock facility from approximately 2007 until March 2009, and again from October 2010 until January 2012. (*Id*. at ¶ 10.) During this time, Mr. Euceda was paid on a piece-rate basis for each repaired pallet in the amount of approximately thirty-nine cents ($.39) per pallet. (*Id*. at ¶ 11.)

After the pallets are repaired, they are inspected by Millwood's managers to ensure that they have been repaired in conformity with certain quality standards. (*Id*. at ¶ 12.) If Millwood's managers determine that a pallet has been improperly repaired, the pallet repairer is required to pay a deduction of approximately three dollars and ninety cents ($3.90) per pallet. (*Id*. at ¶ 13.) Mr. Euceda was subject to many pay deductions under this compensation model. (*Id*.) Despite making deductions from its employees pay, Millwood never obtained approval from the Pennsylvania Department of Labor and Industry to utilize this compensation structure. (*Id*. at ¶ 14.)

Mr. Euceda commenced this lawsuit as a class action asserting unjust enrichment and PWPCL claims on behalf of all individuals who worked for Millwood as pallet repairers since May 14, 2008. (*Id*. at ¶ 15.) Mr. Euceda asserts that all requirements for a class action under the Federal Rules of Civil Procedure are satisfied in this case. (*Id*. at ¶¶ 16-21.)

On July 9, 2012, Millwood moved to dismiss the Amended Complaint on the basis that it failed to state a PWPCL claim. (Doc. 10.) Specifically, Millwood seeks dismissal of the claim because "Plaintiffs have not pled the existence of a contract that governs the payment of wages between Millwood and its employees, or even pled that a contract existed." (Doc. 11.) Rather than file a response to Millwood's motion to dismiss, Mr. Euceda requested leave to file a curative amendment. (Doc. 12.) Millwood opposes Mr. Euceda's

2

request to file a second amended complaint. (Doc. 16.) The motions have now been fully briefed and are ripe for disposition.

## II. Legal Standards

### A. 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, - - - F.3d - - - , 2012 WL 4335958, at *8 (3d Cir.

Sept. 24, 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1949.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington*

*Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.     Leave to Amend Under Rule 15**

Under the Federal Rules of Civil Procedure, leave to amend should be freely given when justice so requires. *See* Fed.R.Civ.P. 15(a).  Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

Futility exists if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). However, "given the liberal standard for the amendment of pleadings 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.'" *Synthes, Inc. v. Marotta*, No. 11–1566, 2012 WL 748758 (E.D. Pa. Mar. 6, 2012) (quoting *Aruanno v. New Jersey*, No. 06–296, 2009 WL 114556, at *2 (D. N.J. Jan. 15, 2009)).  "If a proposed amendment is not *clearly futile*, then denial of leave to amend is improper." 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 (2d ed. 1990) (emphasis added).

### III. Discussion

The Pennsylvania Wage Payment and Collection Law "'provides employees a statutory remedy to recover wages and other benefits that are contractually due to them.'" *In re Cargill Meat Solutions Wage & Hour Litig.*, 632 F. Supp. 2d 368, 397 (M.D. Pa. 2008) (quoting *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148, 150 (Pa. 1997)). "A prerequisite for relief under the PWPCL is a contract between employee and employer

that sets forth their agreements on wages to be paid." *Id*. (citations omitted).

In its motion to dismiss, Millwood argues that the Amended Complaint is devoid of allegations that a contract governed the payment of wages between Millwood and its employees, or that a contract even existed. As such, Millwood contends that, pursuant to the above-referenced authority, Mr. Euceda cannot rely on the protections of the PWPCL.

As noted, Mr. Euceda responded to the motion to dismiss by requesting the opportunity to file a Second Amended Complaint. While he claims that some strong arguments can be made that an underlying agreement or contract need not be pled to assert a valid PWPCL claim under a recent Pennsylvania Superior Court decision, *see Lugo v. Farmers Pride, Inc.*, 967 A.2d 963 (Pa. Super. 2009), Mr. Euceda asserts that such arguments need not be advanced in this case because he can make a good faith claim that a written agreement covering the challenged compensation structure existed between the parties. Thus, Mr. Euceda requests that leave to amend be freely given in this case, which will render Millwood's motion to dismiss moot.

Mr. Euceda's motion to amend will be granted. Here, it is not apparent that Mr. Euceda's curative amendment will be futile, as his proposed Second Amended Complaint seeks leave to allege that Plaintiff signed a standardized agreement during his employment. And, according to Mr. Euceda, the standardized agreement describes the piece-rate pay system and deduction scheme. Based on this proposed amendment, the PWPCL claim is not clearly futile.[1]

Additionally, there is no evidence of record of undue delay, dilatory motive, or bad faith on behalf of Mr. Euceda in seeking leave to amend. Nor has there been any indication

---

[1] Because Mr. Euceda will be granted the opportunity to file a Second Amended Complaint, I will not address his arguments with respect to *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963 (Pa. Super. 2009).

that granting Mr. Euceda's motion would prejudice Millwood. As such, justice requires that Plaintiff be given the opportunity to file a Second Amended Complaint.

## IV. Conclusion

For the above stated reasons, Mr. Euceda's motion for leave to amend will be granted. And, consequently, Millwood's motion to dismiss will be denied as moot.

An appropriate order follows.


November 13, 2012                                           /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                             United States District Judge