# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE EUCEDA, on behalf of himself and similarly situated employees,** : | |
| : | **CIVIL ACTION NO. 3:12-0895** |
| **Plaintiff** : | |
| : | **(JUDGE MANNION)**[1] |
| v. : | |
| **MILLWOOD, INC.,** : | |
| **Defendant** : | |

## MEMORANDUM

Presently before the court is a motion to dismiss filed by the defendant, Millwood Inc., (Doc. No. 24). The plaintiff, Jose Euceda, on behalf of himself and potentially other similarly situated employees, brings this purported class action lawsuit against Millwood, his employer. The plaintiff brings two separate counts. The first count alleges that the defendant violated the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.* ("WPCL") by improperly subjecting the plaintiff and the potential class members to unauthorized pay deductions. The plaintiff's second count alleges unjust enrichment. The defendant's motion will be **DENIED** with regard to

---

[1] The instant action was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 4, 2013, the matter was reassigned to the undersigned.

Count I, but will be **GRANTED** with respect to Count II as dismissal of that count is unopposed.

I. **FACTUAL BACKGROUND**

The defendant is a corporation headquartered and maintaining its principal place of business in Vienna, Ohio. The defendant is in the business of manufacturing new and recycled wood pallets for customers throughout the United States. Before the defendant re-issues the recycled pallets back into the marketplace, employees holding the title of "pallet repairer" refurbish the used pallets. These pallet repairers are paid on a piece-rate basis, receiving approximately $.39 for every pallet they repair. (Doc. No. 21 at 3). The plaintiff was employed as a pallet repairer in defendant's Tunkhannock, Pennsylvania plant and was employed in this position from 2007 to March 2009, and again from October 2010 to January 2012.

After the pallet repairers finish, managers for the defendant inspect the finished product to ensure that the pallets meet sufficient quality standards. (Doc. No. 21 at 3). If the managers determine the pallets were improperly repaired, the pallet repairers are penalized for ten pallets worth of work for each pallet failing quality inspection. These "deductions" in pay amount to

approximately $3.90 for every improperly repaired pallet. (Id.).

The plaintiff purports to bring this claim on behalf of other employees, although the plaintiff has not yet moved for class certification. The plaintiff alleges that the policy regarding improperly repaired pallets qualifies as an unauthorized deduction under the WPCL. Although he signed an agreement addressing repair deductions, (Doc. No. 21 at 9), the plaintiff asserts that the deduction policy is not permissible under 34 Pa. Code §9.1 which strictly limits the types of pay deductions permitted to Pennsylvania employers. The plaintiff claims the deduction policy did not fit within any of the twelve types of permissible deductions or the "catch-all" provision in §9.1. (Doc. No. 21 at 6). To utilize the catch-all provision employers must affirmatively obtain the approval of the Pennsylvania Department of Labor and Industry for the specific deduction policy. (Id.). The plaintiff claims that the defendant did not obtain such approval from the Pennsylvania Department of Labor and Industry for the pay deductions, which violated the WPCL.

The defendant suggests that the plaintiff's claim is deficient under the WPCL because the plaintiff failed to plead and cannot prove the existence of a contract between the parties. (Doc. No. 24 at 3). The defendant also alleges that the document that the plaintiff purports to be contract, (Doc. No. 21 at 9),

3

was not intended to be a contract by the defendant. (Doc. No. 25 at 7). Further, the defendant contends that in the absence of a valid contract, the WPCL does not control, and the plaintiff cannot rely on the protection of the WPCL. (Id.). In addition, the defendant argues that the claim for unjust enrichment must be dismissed because the plaintiff has failed to demonstrate that an inequitable result has occurred. (Doc. No. 25 at 8).

## II. PROCEDURAL HISTORY

The plaintiff commenced the action by filing his original complaint on May 14, 2012. (Doc. No. 1). Judge Caputo dismissed the complaint for lack of subject matter jurisdiction and afforded the plaintiff an opportunity to file an amended complaint. (Doc. No. 5).

On June 6, 2012, the plaintiff filed an amended complaint. (Doc. No. 6). The defendant filed a motion to dismiss arguing that the plaintiff had failed to plead the existence of a contract. (Doc. No. 10). The plaintiff subsequently sought leave to file an amended complaint, which was granted. (Doc. No. 20). The plaintiff filed a second amended complaint on November 26, 2012. (Doc. No. 21).

On December 12, 2012, the defendant filed the instant motion to

dismiss the second amended complaint, (Doc. No. 24), and a brief in support, (Doc. No. 25), arguing that the plaintiff failed to plead the existence of a contract and that no unjust enrichment occurred. On December 21, 2012, the plaintiff filed a brief in opposition to the defendant's motion to dismiss, (Doc. No. 26). No brief in reply was filed.

### III. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s]

to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65). In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.2002). However, the court may not rely on other parts of the record in determining a motion to dismiss.

## IV.    DISCUSSION

The plaintiff's second amended compliant, (Doc. No. 21), contains two counts, the first for alleged violations of the WPCL and the second for unjust enrichment. The plaintiff does not oppose the dismissal of his unjust enrichment claim, stating in his brief in opposition, "[p]laintiff's opposition is "partial" because he does not oppose dismissal of the unjust enrichment claim." (Doc. No. 26 at note 1). As such, the court will examine the defendant's remaining argument that the plaintiff has failed to plead the existence of a contract on which WPCL claim can be based.

The defendant argues that the plaintiff's claim under the WPCL should be dismissed because the plaintiff has failed to plead the existence of any contract between the parties, which is required by the statute. The court finds, at this stage, that the plaintiff has sufficiently pled the existence of a binding contractual agreement between the parties with regard to wages to be paid by the defendant to the plaintiff.

The defendant argues that the existence of a contract between the employer and employee is a prerequisite to a WPCL claim. The court agrees, however, the court finds that the defendant's characterization of the necessary contract misstates the requirements of the WPCL.

The WPCL states that "[a]ny employee or group of employees, labor organization or party to whom any type of wages is payable may institute actions provided under this act." 43 Pa.C.S.§260.9a. The language of the statute does not require a contract; nevertheless, Pennsylvania courts and federal courts applying Pennsylvania law have found a *de facto* requirement that the parties be in a contractual relationship. The defendant relies on the holding of Third Circuit Court of Appeals that the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation *to pay earned wages*. The contract between the parties governs in determining whether specific wages are earned." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990)(citing Sendi v. NCR Comten, Inc., 619 F. Supp. 1577, 1579 (E.D. Pa. 1985) *aff'd sub nom. Sendi v. N.C.R. Comten, Inc.*, 800 F.2d 1138 (3d Cir. 1986)(emphasis added). It is clear that the WPCL does not create a right to compensation but rather "the WPCL is a statutory vehicle that the legislature has provided for employees to recover unpaid wages that are due to them," *Wink v. Ott*, 2012 WL 1855216 (M.D. Pa. May 21, 2012). The WPCL does not vest the court with authority to award statutory or equitable wages, therefore the court's power to compel payment of wages is limited to the amount to

which the parties have agreed. It therefore follows that there must be evidence of an agreement as to wages for the court to enforce. As such, the court finds a "contractual obligation to pay earned wages" to be an appropriate prerequisite for using the WPCL whose " primary goal...is to make whole again, employees whose wages were wrongfully withheld by their employers." *Oberneder v. Link Computer Corp.*, 449 Pa.Super. 528, 674 A.2d 720, 722 (Pa. Super. 1996).

A line of recent cases has appeared to place increased weight on the presence of a formal contract, rather than a more fundamental contractual agreement to pay wages the employee has earned. These cases have held that "the Wage Payment and Collection Law provides employees a statutory remedy to recover wages and other benefits that are *contractually* due to them." *In re Cargill Meat Solutions Wage & Hour Litig.*, 632 F. Supp. 2d 368, 397 (M.D. Pa. 2008) (quoting *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148, 150 (Pa.1997)(emphasis in original)); see also *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726 (M.D. Pa. 2007)(quoting *Oberneder*, 696 A.2d at 150). Moreover, the court in *In re Cargill Meat Solutions* added that "[r]elief under the WPCL is implausible without existence of a contract." *In re Cargill Meat Solutions*, 632 F. Supp.2d at 397. In each of these cases,

9

however, the existence of a contract, formal or otherwise, was not the question squarely before the court. In *In re Cargill Meat Solutions* the court found that employees where not entitled to be paid for the added time of donning and doffing protective clothing because compensation for such time was not provided for in their collective bargaining agreement. In *Lehman*, the court emphasized the limited right to contractual wages in denying the plaintiff's allegation that he was entitled to statutorily mandated wages. Finally, in *Oberneder*, the Pennsylvania case from which the quotation is drawn, the court was focused on the availability of attorneys fees after the employer was ordered to pay commissions due under the employment contract. Although these cases emphasized the importance of a contract generally, they did not purport to examine the required scope of a contract sufficient to support a WPCL claim. In light of the WPCL's goal of making employees whole, the court does not find that the recent focus on contractual obligations is evidence of any judicial trend toward the requirement of a formal contract of employment to access the protections of the WPCL.

Moreover, the Third Circuit has clearly considered the possibility that WPCL claims may be predicated on contractual obligations arising from agreements other than contracts of employment. The Third Circuit specifically

held that to access the WPCL when "employees do not work under an employment contract or a collective bargaining agreement, plaintiffs will have to establish the formation of an implied oral contract between [the employer] and its employees." *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 309 (3d Cir. 2003); see also *Braun v. Wal-Mart Stores, Inc.*, 2011 PA Super 121, 24 A.3d 875, 954 (Pa. Super. Ct. 2011)("[A]bsent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer.").

It is therefore clear to this court that the plaintiff need not plead the existence of any formal employment contract. Rather the plaintiff need only plead the existence of some contractual agreement to pay wages that defendant now owes to the plaintiff. Such a binding agreement may be express or, as the Third Circuit noted in *De Asencio*, it may be implied. In the context of an employment relationship "a promise to pay the reasonable value of the service is implied where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the service." *McGough v. Broadwing Commc'ns, Inc.*, 177 F. Supp. 2d 289, 297 (D.N.J. 2001)(quoting

*Martin v. Little, Brown and Company,* 304 Pa.Super. 424, 430 , 450 A.2d 984 (1981)).

Although the plaintiff's pleading includes minimal factual support, the court finds that there is sufficient evidence of a contract to pay wages to support a WPCL claim at this stage. The plaintiff has alleged, and the defendant does not deny, that he was employed as a pallet repairer by the defendant. The plaintiff also asserts that he was paid under a piece-rate wage scheme in which he was paid $.39 per pallet repaired and $3.90 was deducted from his pay for any pallet that was found to not meet quality standards. The plaintiff also alleges that the defendant availed itself of the plaintiff's work during two separate periods of employment. The defendant argues that the notice attached to the plaintiff's amended complaint, (Doc. No. 21 at 9), is insufficient to demonstrate a contract. The court agrees that the notice alone is insufficient to create a binding contract, but finds it to be corroborative of the wage agreement reached by the parties. As such, the court finds that the plaintiff has sufficiently pled the existence of a contractual agreement by which the defendant became bound to pay wages for services rendered.

The failure to plead the existence of a contract is the sole ground for

dismissal of this claim raised in the defendant's motion and brief and therefore the motion will be denied, at this stage, with respect to the WPCL claim.

## V. CONCLUSION

Finding that the plaintiff has sufficiently pled the existence of an binding contractual agreement for the payment of wages owed, the defendant's motion will be denied to the extent that it requests dismissal of the plaintiff's WPCL claim, Count I. The plaintiff does not oppose the dismissal of the unjust enrichment claim, Count II, and, as such, the claim will be dismissed. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 26, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-0895-01.wpd